IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-15-01406-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| KKR LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Best Western International, Inc.'s, ("Best Western") Motion for Default Judgment. (Doc. 16.) Best Western consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this case was referred to Magistrate Judge Bade. (Doc. 8.) However, because Defendants have not appeared or consented to magistrate judge jurisdiction, Magistrate Judge Bade proceeded by Report and Recommendation ("R & R") to this Court. (Doc. 18.) See General Order 11-03. To date, no objections have been filed.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo*

review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

## DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

## CONCLUSION

Accordingly, for the reasons set forth,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge. (Doc. 18.)

**IT IS FURTHER ORDERED GRANTING** Plaintiff Best Western's Motion for Default Judgment (Doc. 16) on Counts One, Three, Four, Six, and Seven, and **DENYING** the motion as to Counts Two, Five, and Counts Eight through Twelve.

**IT IS FURTHER ORDERED** that on Counts One, Three, and Four of the Complaint, judgment shall be entered against each Defendant in the amount of $24,480.34.

**IT IS FURTHER ORDERED** that on Count Six of the Complaint, judgment shall be entered against each Defendant in the amount of $387,601.37.

**IT IS FURTHER ORDERED** that Best Western be awarded attorneys' fees, costs, and expenses to be paid by Defendants in the amount of $5,519.80 ($4,251.50 in attorneys' fees and $1,268.30 in costs).

**IT IS FURTHER ORDERED** that Best Western be granted a permanent injunction against Defendants and their respective officers, members, agents, servants, and employees, and any other persons and entities acting on behalf of or in concert with Defendants, (1) to immediately and permanently remove all Best Western Symbols as

1  used on the premises of, or in reference to, the Hotel, including (without limitation)
2  signage, the curvilinear signage cabinets or any other display or items bearing any of the
3  Best Western Symbols, and (2) to reimburse costs incurred by Best Western to cause the
4  removal of the same should Defendants fail to do so within ten (10) days of the date of
5  this Order.

6      **IT IS FURTHER ORDERED** that Best Western be granted a permanent
7  injunction against Defendants and any other persons and entities acting on behalf of or in
8  concert with Defendants, (1) to immediately notify all advertisers, search engines, and
9  providers of related services that Defendants are not affiliated with Best Western and are
10 required to cause the cessation of all advertising and distribution of promotional material
11 containing any of the Best Western Symbols, any colorable imitation thereof, or any
12 other confusingly similar marks, and (2) enjoining Defendants and any other persons and
13 entities acting on behalf of or in concert with Defendants or advertising Defendants' hotel
14 property from using any such marks (or any imitations or marks confusingly similar
15 thereto) anywhere on the Internet or elsewhere, including without limitation any use on or
16 with any websites, domain names, metatags, keywords, banner ads, or search engines.

17     Dated this 29th day of February, 2016.

    Honorable Stephen M. McNamee
    Senior United States District Judge